IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. RUPERT, WILLIAM E. AND KAREN A. TRAVIS, AND BRYAN MARTIN individually and on behalf of all others similarly situated, | : : : : : | Docket No.  2:21-cv-1281 |
| Plaintiffs, | : : | Electronically Filed Document |
| v. | : : | Jury Trial Demanded |
| RANGE RESOURCES - APPALACHIA, LLC RANGE RESOURCES CORP. | : : : | |
| Defendants. | : : | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs James A. Rupert ("Rupert"), William E. and Karan A. Travis ("Travis") and Bryan E. Martin ("Martin") (collectively "Plaintiffs"), individually and on behalf of the Class defined below, for their class action complaint against Defendants Range Resources - Appalachia, LLC and Range Resources Corp. (collectively "Range"), allege:

## CLASS DEFINITION

1. Plaintiffs bring this action on behalf of themselves and similarly situated persons and entities, consisting of:

> Persons and entities, including their respective successors and assigns, to whom Range since, September 1, 2017, has paid royalties, or has an obligation to pay royalties, under oil and gas leases which became to be owned by Range on or after October 13, 2010 and precludes Range from deducting Post Production Costs from its Royalty Calculation on Natural Gas, NGLs, and related constituents in excess of $0.80 per MMBTU.

> Excluded from the Class are: (1) Range, its current officers and employees; and (2) any person whose royalty underpayment claim against Range is subject to a binding arbitration provision.

## PARTIES

2. The Plaintiff, James A. Rupert, is an adult individual, and a resident of the Commonwealth of Pennsylvania, with an address of 144 Floral Hill Drive, Washington, PA 15301 (hereinafter "Rupert").

3. The Plaintiffs, William E. Travis and Karen A. Travis, are adult individuals and husband and wife, and residents of the Commonwealth of Pennsylvania, with an address of 648 Taylorstown Ridge Road, Avella, PA 15312 (hereinafter collectively "Travis").

4. The Plaintiff, Bryan E. Martin, is an adult individual, and a resident of the Commonwealth of Pennsylvania, with an address of 78 Andrews Drive, Beaver Falls, PA 15010 (hereinafter "Martin").

5. The Defendant, Range Resources – Appalachia, LLC, is a Delaware limited liability company, which has an address of 3000 Town Center Boulevard, Canonsburg, PA 15317

6. The Defendant Range Resources Corp. is a Delaware corporation, which has an address of 100 Throckmorton Street, Suite 1200, Fort Worth, TX 76102.

7. The Defendant Range Resources – Appalachia, LLC is a subsidiary of the Defendant, Range Resources Corp. (hereinafter collectively "Defendants" or "Range").

## JURISDICTION AND VENUE

8. The United States District Court for the Western District of Pennsylvania has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests federal courts with original diversity jurisdiction over class actions if "(1) the aggregate amount in controversy exceeds $5,000,000.00, (2) any class member is a citizen of a different state from any defendant, and (3) the aggregate number of the members of all proposed plaintiff classes is one hundred or more persons." Range is an entity organized and domiciled in the State of Delaware. The Plaintiffs are adult individuals and residing and domiciled in the Commonwealth of Pennsylvania. Therefore, the named Plaintiffs and the named Defendants are citizens of different states.

2

9. This Court has personal jurisdiction over Range, because Range has conducted substantial business activities in the Commonwealth of Pennsylvania, and because a substantial part of the acts and conduct of Range giving rise to the claims asserted in this class action complaint occurred in Pennsylvania.

10. Under 28 U.S.C. § 1391, venue is proper in this United States District Court for the Western District of Pennsylvania because a substantial part of the events or omissions giving rise to the claim alleged in this class action complaint occurred in this jurisdiction.

## CLASS ALLEGATIONS

11. Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

### A. NUMEROSITY - Federal Rule of Civil Procedure 23(a)(1)

12. The members of the Class are so numerous that separate joinder of each member is impracticable. On information and belief, there are more than one hundred members of the defined Class who reside in numerous states throughout the United States.

### B. COMMONALITY – Federal Rule of Civil Procedure 23(a)(2)

13. The Common questions of law and fact exist as to the claims of the Plaintiffs and the defined Class against Range. These common legal and factual questions include, without limitation, the following:

    a. Whether Range has a common duty under the Class Leases to pay royalties to Plaintiffs and the Class members based on the prices actually received on the sale of the natural gas and NGLs?

    b. Whether Range has used a common method of paying royalties by exceeding the deduction which are permitted under the Class Leases?

    c.    Whether Range has breached its obligations under the Class Leases by failing to pay royalties to Plaintiffs and the Class members be taking deductions for Post-Production Costs which exceed the $0.80 per MMBTU.

    d.    Whether the Plaintiffs and the Class members are entitled to recover prejudgment interest on the amounts of Range's royalty underpayments form the date of each such royalty underpayment.

### C. TYPICALITY – Federal Rule of Civil Procedure 23(a)(3)

14. The Plaintiffs' claims are typical of the claims of the respective members of the Class.

### D. ADEQUACY OF REPRESENTATION – Federal Rule of Civil Procedure 23(a)(4)

15. The Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are experienced in prosecuting class action royalty underpayment lawsuits against natural gas producers.

### E. PREDOMINANCE AND SUPERIORITY – Federal Rule of Civil Procedure 23(b)(3)

16. The questions of law and fact are common to the Class members and predominate over any individual questions which may exist.

### CLASS REPRESENTATIVES' OIL AND GAS ESTATES

17. Plaintiffs and members of the Class are parties to Class Leases under with Range has paid royalties on natural gas produced by Range from wells located in Pennsylvania, which are subject to the Class Leases.

18. Range is or has been a lessee, either by succession or as the original party, under the Class Leases and has produced natural gas from wells drilled subject to the Class Leases and paid royalties to the Plaintiffs and members of the Class.

19. Each of the Plaintiffs is a lessor under lease agreements under which Range owns the lessees' interests and Range has paid royalties to each of the Plaintiffs on natural gas and natural gas liquid products produced and sold by Range at certain times after the execution of such lease agreements.

### **Rupert Oil and Gas Estate**

20. This action is regarding the oil and gas situated in East Finley Township, Washington County, Pennsylvania:

   a. containing 44 acres, more or less, of oil and gas; being the oil and gas underlying parcel of surface real property known by tax parcel identification no. 270-015-00-00-0011-00 (hereinafter "Rupert 44 Acres"); and

   b. containing 59.8 acres, more or less, of Oil and Gas; being the Oil and Gas underlying parcel of surface real property known by tax parcel identification no. 270-015-00-00-0011-01 (hereinafter "Rupert 60 Acres") (Rupert 44 Acres and Rupert 60 Acres hereinafter collectively "Rupert Oil and Gas Estate").

### **Travis Oil and Gas Estate**

21. This action is also regarding the Oil and Gas situated in Blaine Township, Washington County, Pennsylvania; containing 3.995 acres, more or less, of Oil and Gas; being the Oil and Gas underlying parcels of surface real property known by tax parcel identification nos. 050-005-00-00-0020-12 and 050-005-00-00-0020-10 (hereinafter "Travis Oil and Gas Estate").

### **Martin Oil and Gas Estate**

22. This action is also regarding the Oil and Gas situated in East Finley Township, Washington County, Pennsylvania; containing 61.23 acres, more or less, of Oil and Gas; being the Oil and Gas underlying parcels of surface real property known by tax parcel identification no. 270-002-00-00-0010-00 (hereinafter "Martin Oil and Gas Estate").

## **CLASS REPRESENTATIVES' OIL AND GAS LEASES**

### **Rupert Lease**

23. Rupert owns the lessors' interest in the following oil and gas leases (the "Rupert Leases"):

   a. Oil, Gas & Coalbed Methane Lease, and Addendum thereto, regarding the Rupert 44 Acres, dated November 22, 2013 by and between James A. Rupert and Ryan J. Rupert, as Lessor, and Range Resources – Appalachia, LLC, as Lessee, Memorandum of said Lease recorded on February 20, 2014 in the Office of the Recorder of Deeds of Washington County Pennsylvania at Instrument No. 201404780 (hereinafter Rupert 44 Acre Lease") (attached hereto and incorporated herein as Exhibit "I");

   b. Oil, Gas & Coalbed Methane Lease, and Addendum thereto, regarding the Rupert 60 Acres, dated November 22, 2013 by and between James A. Rupert and Ryan J. Rupert, as Lessor, and Range Resources – Appalachia, LLC, as Lessee, Memorandum of said Lease recorded on March 10, 2014 in the Office of the Recorder of Deeds of Washington County Pennsylvania at Instrument No. 201406719 (hereinafter "Rupert 60 Acre Lease") (attached hereto and incorporated herein as Exhibit "II");

   c. Amendment and Ratification of Oil and Gas Lease, regarding the Rupert 60 Acres, dated February 18, 2015 by and between James A. Rupert and Ryan J. Rupert, as Lessor, and Range Resources – Appalachia, LLC, as Lessee, recorded on April 9, 2015 in the Office of the Recorder of Deeds of Washington County Pennsylvania at Instrument No. 201509918 (attached hereto and incorporated herein as Exhibit "III").

   d. Under the Addendum to both of the Rupert Leases, Range is obligated:
   **Royalty** To pay Lessor as Royalty, less Lessor's proportionate hares of all taxes, assessments and adjustments on production from the Leasehold as follows"

2. GAS: To pay Lessor an amount equal to 18.25% of the new revenue realized by Lessee for all gas, NGL, and the constituents thereof produced and marketed from the Leasehold., Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00). (Ex. I, P. 9; Ex. II, P. 9).

(B) Natural Gas NGL, and related constituents Royalty Calculation. All royalty for natural gas, NGLs, and the constituents thereof produced by the wells payable under this Addendum for any Accounting Period shall be calculated using the actual purchase price paid by the First Purchaser of such products reduced by not more than the pro rata share of the actual Post Production Costs incurred during such period, but in no event shall the Post Production Costs exceed $0.80 per MMBTU. (Ex. 1, P. 10; Ex. 2, P. 10).

(D) No Production Cost Assessment. No royalty paid under this instrument shall be reduced by any amount attributable to Production Costs. (Ex. 1, P. 10; Ex. 2, P. 10).

## Travis Lease

24. Travis owns the lessor's interest in the following oil and gas lease (the "Travis Lease"): Oil, Gas & Coalbed Methane Lease, and Addendum thereto, dated November 22, 2013 by and between William E. Travis and Karen A. Travis, husband and wife, as Lessor, and Range Resources – Appalachia, LLC, as Lessee, Memorandum of said Lease recorded on February 20, 2014 in the Office of the Recorder of Deeds of Washington County Pennsylvania at Instrument No. 201404790 (attached hereto and incorporated herein as Exhibits "IV");

   a. Under the Addendum to the Travis Lease, Range is obligated:

> **Royalty** To pay Lessor as Royalty, less Lessor's proportionate hares of all taxes, assessments and adjustments on production from the Leasehold as follows"
>
> 2. GAS: To pay Lessor an amount equal to 18.25% of the new revenue realized by Lessee for all gas, NGL, and the constituents thereof produced and marketed from the Leasehold., Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00). (Ex. IV, P. 6).
>
> (B) Natural Gas NGL, and related constituents Royalty Calculation. All royalty for natural gas, NGLs, and the constituents thereof produced by the wells payable under this Addendum for any Accounting Period shall be calculated using the actual purchase price paid by the First Purchaser of such products reduced by not more than the pro rata share of the actual Post Production Costs incurred during such period, but in no event shall the Post Production Costs exceed $0.80 per MMBTU. (Ex. IV, P. 7).
>
> (D) No Production Cost Assessment. No royalty paid under this instrument shall be reduced by any amount attributable to Production Costs. (Ex. IV, P. 7).

### Martin Lease

25. Martin owns the lessor's interest in the following oil and gas lease and (the "Martin Lease"):

    Oil, Gas & Coalbed Methane Lease, and Addendum thereto, dated November 22, 2013 by and between Jean Ann Heath, R. William Martin, Patricia Vincent, and Bryan E. Martin, as Lessor, and Range Resources – Appalachia, LLC, as Lessee, Memorandum of said Lease recorded on February 20, 2014 in the Office of the Recorder of Deeds of Washington County Pennsylvania at Instrument No. 201404768 (attached hereto and incorporated

herein as Exhibit "V" is an unsigned true and correct copy of said lease and a signed and recorded Memorandum of lease);

a. Under the Addendum to the Martin Lease, Range is obligated to pay:

**Royalty** To pay Lessor as Royalty, less Lessor's proportionate hares of all taxes, assessments and adjustments on production from the Leasehold as follows"

2. GAS: To pay Lessor an amount equal to 18.25% of the new revenue realized by Lessee for all gas, NGL, and the constituents thereof produced and marketed from the Leasehold., Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00). (Ex. V, P. 10).

(B) Natural Gas NGL, and related constituents Royalty Calculation. All royalty for natural gas, NGLs, and the constituents thereof produced by the wells payable under this Addendum for any Accounting Period shall be calculated using the actual purchase price paid by the First Purchaser of such products reduced by not more than the pro rata share of the actual Post Production Costs incurred during such period, but in no event shall the Post Production Costs exceed $0.80 per MMBTU. (Ex. V, P. 11).

(D) No Production Cost Assessment. No royalty paid under this instrument shall be reduced by any amount attributable to Production Costs. (Ex. V, P. 11).

## CLASS REPRESENTATIVES' ALLEGATIONS

26. In its calculation and payment of royalties to Plaintiffs and members of the Class, Range has consistently and systematically underpaid the royalties owed to Plaintiffs and the Class members by: (1) failing to pay royalties based on the sales price received on Range's sales of the natural gas which was produced from the wells drilled subject to the Class Leases at the point of sale; (2) failing to pay royalties based on the sales prices received at the point of Range's sale of the NGLs, which have been produced

from the wells drilled subject to the Class Leases; and (3) improperly deducting from the sales prices received on the sale of the residue gas and the NGL products various Post-Production Costs in excess of the $0.80 per MMBTU as provided for in the Addendum to the Class Leases.

27. By underpaying the royalties owed to Plaintiffs and the Class in the manner described herein, Range has breached is contractual obligations to Plaintiffs and the Class under the Class Leases.

28. As a result of Range's breaches of its royalty obligations under the Class Leases, Plaintiffs and the Class members have sustained substantial damages.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

29. The allegations contained in Paragraphs 1 through 28, inclusive, are restated and incorporated by reference herein.

30. Range has breached its royalty payment obligations with respect to the calculation and payment of royalties owed to Plaintiffs and the Class members on the production and sale of the natural gas and NGLs under the above-referenced Class Leases in the manner described above.

31. Plaintiffs and the Class members have sustained substantial damages as a direct result of Range's breaches of its royalty payment obligations to Plaintiffs under the above-referenced Class Leases.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment)**

32. The allegations contained in Paragraphs 1 through 31, inclusive, are restated and incorporated by reference herein.

33. A controversy exists between the Plaintiffs and the Class members and Range regarding the correct method for Range's calculation and payment of future royalties on the sale of the natural gas and all of its constituents under the Leases.

34. Plaintiffs request that the Court enter a declaratory judgment declaring that Range is required to pay future royalties to Plaintiffs and the Class members under the Class Leases based on the

prices received on its sale of the natural gas and all of its constituents with the Post Production Costs being deducted from the with Plaintiffs' and the Class members' royalties not to exceed $0.80 per MMBTU.

### THIRD CLAIM FOR RELIEF
**(Accounting)**

35. The allegations contained in Paragraphs 1 through 34, inclusive are restated and incorporated by reference herein.

36. Range is in exclusive control of the information required to calculate, report and pay the full royalties due and owing to Plaintiffs and the Class members.

37. Without such information, Plaintiffs and the Class members are unable to determine the royalty underpayments which are due to them.

38. Plaintiffs request that Range provide a complete accounting for the natural gas and NGLs produced from the wells which have been drilled subject to the Class Leases and the royalties due thereon to Plaintiffs and the Class members if the royalties had been paid consistent with the gas royalty provision contained in the Class Leases.

**PLAINTIFFS DEMAND A JURY TRIAL FOR ALL ISSUES SO TRIABLE**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their behalf and on behalf of the similarly situated royalty owners pray for the following relief:

A. And Order that the claims asserted against Range by Plaintiffs Rupert, Travis and Martin, should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3); that Plaintiffs Rupert, Travis and Martin be appointed as class representatives; and that Plaintiffs' counsel be appointed as class counsel;

B. A judgment in favor of Plaintiffs Rupert, Travis and Martin and the Class members on their claims against Range for its breaches of the Class Leases at issue, for the full amount of royalty underpayments, plus the applicable pre-judgement interest at the Pennsylvania statutory rate of six percent annum, compounded annually pursuant to 41 P.S.§ 202;

  C. A declaratory judgment determining the appropriate method for Rage to calculate the future royalties to be paid to Plaintiffs Rupert, Travis and Martin and the Class members on natural gas production and sales under the Class Leases at issue in accounting with the relief requested by Plaintiffs in Paragraphs 35 through 38 of this class action complaint;

  D. And award of court costs; and

  E. For such further relief as the Court deems just.


Dated: September 24, 2021       By: /s/ William H. Knestrick
                William H. Knestrick, Esq.
                Neighborhood Attorneys, LLC
                8 East Pine Ave.
                Washington, PA 15301
                (724) 705-7082
                william@neighborhoodattys.com

                And

                Barton and Burrows, LLC
                George A. Barton
                Stacy A. Burrows
                5201 Johnson Drive, Ste. 110
                Mission, KS 66052
                (913) 563-6253
                george@bartonburrows.com
                stacy@bartonburrows.com

                **Attorneys for Plaintiffs and the Proposed Class**