IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. RUPERT, WILLIAM E. AND KAREN A. TRAVIS, AND BRYAN MARTIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>RANGE RESOURCES-APPALACHIA, LLC, and RANGE RESOURCES CORP.<br><br>      Defendants. | Case No. 2:21-cv-01281<br><br>Electronically Filed |

# DEFENDANT RANGE RESOURCES CORP.'S
# BRIEF IN SUPPORT OF MOTION TO DISMISS

**REED SMITH LLP**

Justin H. Werner
Thomas J. Galligan
Alex G. Mahfood
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
jwerner@reedsmith.com
tgalligan@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendants*
*Range Resources-Appalachia, LLC*
*and Range Resources Corp.*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

LEGAL STANDARD ....................................................................................................................... 3

ARGUMENT .................................................................................................................................... 3

I.   THE COURT SHOULD DISMISS THE COMPLAINT AS TO RANGE CORPORATION BECAUSE THERE ARE NO ALLEGATIONS ESTABLISHING PRIVITY OF CONTRACT WITH PLAINTIFFS. ................................ 3

II.  THE COURT SHOULD DISMISS THE COMPLAINT AS TO RANGE CORPORATION BECAUSE PLAINTIFFS IMPROPERLY GROUP PLED AGAINST BOTH OF THE DEFENDANTS. ...................................................... 5

CONCLUSION ................................................................................................................................. 7

...

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................2, 3, 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Binder v. Weststar Mortg., Inc.*,
  Civil Action No. 14-7073, 2016 WL 3762710 (E.D. Pa. July 13, 2016) ..........................5, 6, 7

*Electron Energy Corp. v. Short*,
  597 A.2d 175 (Pa. Super. 1991) .............................................................................................4

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ...................................................................................................3

*Fox Fuel v. Delaware County Sch. Joint Purchasing Bd.*,
  856 F. Supp. 945 (E.D. Pa. 1994) .......................................................................................4, 5

*Holloway v. Shaw*,
  Civil No. 1:CV-10-2344, 2011 U.S. Dist. LEXIS 29795 (M.D. Pa. March 23, 2011) ..........................................................................................................................................5

*Ill. Union Ins. Co. v. Hydro Int'l PLC*,
  929 F. Supp. 2d 365 (M.D. Pa. 2013) ...................................................................................4

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) .......................................................................................................3

*Kovarik v. S. Annville Tp.*,
  No. 1:17-cv-00097, 2018 WL 1428293 (M.D. Pa. Mar. 22, 2018) ....................................6, 7

*Lawal v. McDonald*,
  546 Fed. App'x 107 (3d Cir. 2014) .....................................................................................6, 7

*Mavrinac v. Emergency Med. Ass'n of Pittsburgh*,
  No. 2:04 CV 1880, 2005 WL 2304995 (W.D. Pa. Sept. 21, 2005) ..........................................4

*Moran v. Rosenau*,
  240 F. Supp. 740 (D.V.I. 1965) ..............................................................................................4

*Pierce v. Montgomery County Opportunity Bd.*,
  884 F. Supp. 965 (E.D. Pa. 1995) ...........................................................................................4

*Powell v. Weiss*,
    2013 WL 1883235 (M.D. Pa. May 6, 2013) ............................................................................7

*Robbins Motor Transp., Inc. v. Translink, Inc.*,
    Civil Action No. 07-150, 2009 WL 803711 (E.D. Pa. Mar. 26, 2009) ......................................5

*Rossman v. Fleet Bank (R.I.) Nat'l Assoc.*,
    280 F.3d 385 (3d Cir. 2002) ...................................................................................................3

*Stradley, Ronon, Stevens & Young, LLP v. Sovereign Bank, N.A.*,
    Civil Action No. 12-2466, 2013 WL 173022 (E.D. Pa. Jan. 15, 2013) ....................................4

*Travelers Indemnity Co. v. Mahiai*,
    27 Pa. D. & C. 4th 34 (Pa. Com. Pl. 2005) .............................................................................4

*Viso v. Werner*,
    369 A.2d 1185 (Pa. 1977), *aff'd without opinion*, 618 A.2d 395 (1993) .................................4

*Vorchheimer v. Phila. Owners Ass'n*,
    903 F.3d 100 (3d Cir. 2018) ...................................................................................................3

*Whitaker v. Herr Foods, Inc.*,
    198 F. Supp. 3d 476 (E.D. Pa. 2016) ..................................................................................4, 5

*Williams v. Commonwealth of Pa. Dep't of Corrections*,
    Civil Action No. 14-3765, 2015 WL 291861 (E.D. Pa. Jan. 13, 2015) .................................6, 7

**Rules**

Fed. R. Civ. P. 8 ...............................................................................................................................7

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................3

**INTRODUCTION**

In this putative class action, Plaintiffs: (1) claim that defendants breached oil and gas leases by underpaying royalties on natural gas and natural gas liquids ("NGLs") produced under the leases; (2) request that the Court enter a declaratory judgment regarding the interpretation of the leases' royalty provisions; and (3) seek an accounting.[1] The Court should dismiss the Complaint against Range Resources Corp. ("Range Corporation") for two reasons.

***First***, Plaintiffs do not, and cannot, allege that Range Corporation is a party to the leases underlying all of Plaintiffs' claims in the Complaint. The leases, which are attached as exhibits, show that they were entered into between Plaintiffs and co-defendant *Range Appalachia*, not Range Corporation. A plaintiff cannot assert claims for breach of contract, declaratory judgment seeking the interpretation of a contract, or an accounting against a defendant who is not a party to the contract underlying those claims. Plaintiffs' claims against Range Corporation therefore fail.

***Second***, Plaintiffs' attempt at group pleading against Range Corporation and Range Appalachia (referring to them collectively as "Range" throughout the Complaint), does not somehow cure the lack of privity here, and furthermore results in insufficient pleading and perfunctory allegations that "Range" is or has been a lessee, either by succession or as an original party. These conclusory allegations, and the collective pleading that then relies upon it, fall short of Plaintiffs' pleading obligations and, therefore, Plaintiffs have not established any plausible basis for a claim against Range Corporation.

---

[1] The Complaint also asserts these claims against Defendant Range Resources-Appalachia, LLC ("Range Appalachia"). Range Appalachia concurrently files a separate Motion to Dismiss and Brief in Support seeking dismissal of the Complaint against Range Appalachia in its entirety as well. Range Corporation incorporates by reference Range Appalachia's concurrently-filed Motion to Dismiss and Brief in Support as an alternative basis for dismissal of Range Corporation.

The Court should therefore grant Range Corporation's Motion to Dismiss (the "Motion") and dismiss the Complaint as to Range Corporation.

## BACKGROUND[2]

Plaintiff James A. Rupert entered into two oil and gas leases with *Range Appalachia* on November 22, 2013 covering oil and gas in East Finley Township, Washington County, Pennsylvania ("Rupert Leases").  ECF No. 1 ¶¶ 2, 20, 23; ECF Nos. 1-1, 1-2, 1-3.  Plaintiffs William E. Travis and Karen A. Travis entered into an oil and gas lease with *Range Appalachia* on November 22, 2013 covering oil and gas in Blaine Township, Washington County, Pennsylvania ("Travis Lease").  ECF No. 1 ¶¶ 3, 21, 24; ECF No. 1-4.  Plaintiff Bryan E. Martin entered into an oil and gas lease with *Range Appalachia* on November 22, 2013 covering oil and gas in East Finley Township, Washington County, Pennsylvania ("Martin Lease," and with the Rupert Leases and the Travis Lease, the "Leases").  ECF No. 1 ¶¶ 4, 22, 25; ECF No. 1-5.

In the Complaint, Plaintiffs define Range Appalachia *and* Range Corporation collectively as "Range."  ECF No. 1 ¶ 7.  The only allegation in the Complaint substantively implicating that Range Corporation has an interest in the Leases is accomplished by a conclusory group allegation: "*Range* is or has been a lessee, either by succession or as the original party, under the Class Leases and has produced natural gas from wells drilled subject to the Class Leases and paid royalties to the Plaintiffs and members of the Class."  *Id.* ¶ 18.  Plaintiffs do not actually allege that Range Corporation is or has ever been a party to the Leases, has produced natural gas from wells drilled subject to the Leases, or has paid royalties to Plaintiffs.  *See generally id.*  Plaintiffs assert claims

---

[2] The allegations in the Complaint are taken as true solely for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).  Additional facts are included in the Argument Section as well.

against "Range" (and therefore Range Corporation) for breach of contract, declaratory judgment, and an accounting in the Complaint. ECF No. 1 ¶¶ 29-38.

## LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint should be dismissed for failure to state a clam if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Exhibits which are attached to the Complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6). *See Rossman v. Fleet Bank (R.I.) Nat'l Assoc.*, 280 F.3d 385, 388 n.4 (3d Cir. 2002). If documents the court may consider in ruling on a motion to dismiss contradict the allegations in the complaint, the documents control. *See Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018).

## ARGUMENT

**I.     THE COURT SHOULD DISMISS THE COMPLAINT AS TO RANGE CORPORATION BECAUSE THERE ARE NO ALLEGATIONS ESTABLISHING PRIVITY OF CONTRACT WITH PLAINTIFFS.**

The Court should dismiss the Complaint against Range Corporation because the Complaint fails to sufficiently allege privity of contract between Plaintiffs and Range Corporation under the Leases, which underlie every claim in the Complaint against Range Corporation.

"To plead a breach of contract under Pennsylvania law, a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with the contract by performing her own obligations under it; that all conditions precedent were fulfilled; there was a breach of the contract; and damages were incurred." *Mavrinac v. Emergency Med. Ass'n of Pittsburgh*, No. 2:04 CV 1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (citing *Pierce v. Montgomery County Opportunity Bd.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995)). "Pennsylvania law requires privity for a breach of contract claim." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 486 (E.D. Pa. 2016) (citing *Ill. Union Ins. Co. v. Hydro Int'l PLC*, 929 F. Supp. 2d 365, 373 (M.D. Pa. 2013) (discussing Pennsylvania law); *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. 1991)). Indeed, "[i]t is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." *See Fox Fuel v. Delaware County Sch. Joint Purchasing Bd.*, 856 F. Supp. 945, 953 (E.D. Pa. 1994) (citing *Short*, 597 A.2d at 177 (1991); *Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977), *aff'd without opinion*, 618 A.2d 395 (1993)). "Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties." *Whitaker*, 198 F. Supp. at 486 (citing *Travelers Indemnity Co. v. Mahiai*, 27 Pa. D. & C. 4th 34, 45 (Pa. Com. Pl. 2005)). Moreover, there is an absence of authority "where a court has interpreted a contract through the Declaratory Judgment Act in favor of a non-party to the contract[.]" *See Stradley, Ronon, Stevens & Young, LLP v. Sovereign Bank, N.A.*, Civil Action No. 12-2466, 2013 WL 173022, at *8 (E.D. Pa. Jan. 15, 2013). Finally, "[p]rivity between the parties is the essential element which would determine whether the plaintiffs are entitled to an accounting." *Moran v. Rosenau*, 240 F. Supp. 740, 741 (D.V.I. 1965) (citing 4 Pomeroy's Equity Jurisprudence § 1421 *et seq.*) (dismissing accounting claim where plaintiff failed to prove privity).

In this case, while the Complaint "is less than a model of clarity on the question of who was party to" the Leases, *see Fox Fuel*, 856 F. Supp. at 953 (E.D. Pa. 1994), the Leases themselves demonstrate that Plaintiffs and *Range Appalachia* were the parties to the Leases. See ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5. The Court should therefore disregard any vague and unspecified allegations in the Complaint suggesting that Range Corporation, lumped together within the definition of "Range," was also a party to, allegedly breached, or otherwise took actions under the Leases. *See Holloway v. Shaw*, Civil No. 1:CV-10-2344, 2011 U.S. Dist. LEXIS 29795, at *2-*3 (M.D. Pa. March 23, 2011) ("When the allegations of the complaint differ from the documents attached to the complaint, the documents control, and the allegations of the complaint need not be accepted.").

Plaintiffs failed to plead the privity of contract with Range Corporation necessary to adequately plead their claims in the Complaint, all of which arise under the Leases. *See Whitaker*, 198 F. Supp. 3d at 486. The Complaint also fails to allege that any exception to the privity requirement, such as the existence of an agency relationship or third-party beneficiary status, applies. *See Robbins Motor Transp., Inc. v. Translink, Inc.*, Civil Action No. 07-150, 2009 WL 803711, at *7-*8 (E.D. Pa. Mar. 26, 2009) (discussing privity exceptions under Pennsylvania law). "Therefore, because there is no privity and no exception applies, [Plaintiffs'] . . . claim[s] [must] be dismissed." *See Whitaker*, 198 F. Supp. 3d at 487.

**II.     THE COURT SHOULD DISMISS THE COMPLAINT AS TO RANGE CORPORATION BECAUSE PLAINTIFFS IMPROPERLY GROUP PLED AGAINST BOTH OF THE DEFENDANTS.**

While the Leases were clearly entered into between Plaintiffs and *Range Appalachia*—not Range Corporation—Plaintiffs impermissibly plead collectively against "Range." ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5. "[E]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." *Binder v. Weststar Mortg., Inc.*, Civil Action No. 14-7073, 2016 WL 3762710, at *3 (E.D. Pa. July 13, 2016) (quotation omitted). "An allegation

against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim." *Id.* (citation omitted).  Indeed, courts in the Third Circuit will dismiss a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" and that "does not ascribe particular conduct to a defendant, but rather collectively asserts all claims against all defendants." *Kovarik v. S. Annville Tp.*, No. 1:17-cv-00097, 2018 WL 1428293, at *7 n.15 (M.D. Pa. Mar. 22, 2018) (citation omitted); *see also Lawal v. McDonald*, 546 Fed. App'x 107, 113 (3d Cir. 2014) (concluding that plaintiff failed to satisfy the pleading requirements in *Iqbal* by collectively referring to "defendants" as having committed certain conduct as doing so rendered the complaint "ambiguous about each [d]efendant's role in the operation"); *Williams v. Commonwealth of Pa. Dep't of Corrections*, Civil Action No. 14-3765, 2015 WL 291861, at *8 (E.D. Pa. Jan. 13, 2015) ("[P]laintiff repeatedly uses the word 'defendants' in his relatively brief description of the conduct giving rise to his claims.  Doing so is wholly insufficient as it does not place any of these defendants on fair notice of the particular claims against.").

In this case, Plaintiff impermissibly: (1) include Range Corporation (along with Range Appalachia) within the definition of "Range[,]" *see* ECF No. 1 ¶ 7; (2) claim that "Range" is or has been a lessee, either by succession or as the original party, under the Class Leases, has produced natural gas from wells drilled subject to the Class Leases, and paid royalties to the Plaintiffs and members of the Class, *see id.* ¶ 18; and (3) assert all claims in the Complaint against Range Corporation, *see id.* ¶¶ 29-38.  Nowhere in the Complaint, however, do Plaintiffs specifically allege that *Range Corporation* ever held an interest in the Leases, ever produced natural gas from wells drilled subject to the Leases, or ever paid royalties to Plaintiffs.  *See generally id.*  By asserting all allegations and claims collectively against "Range[,]" Plaintiffs have

failed to "differentiate between defendants." *See Binder* 2016 WL 3762710, at *3. Plaintiffs' group pleading against "Range" is "bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim." *Id.* The Complaint mirrors those routinely dismissed by courts in the Third Circuit that assert multiple claims against multiple defendants collectively without attributing specific conduct to either defendant. *See Kovarik*, 2018 WL 1428293, at *7 n.15; *Lawal*, 546 Fed. App'x at 113; *Williams*, 2015 WL 291861, at *8.

As Plaintiffs have not specifically alleged any plausible basis for concluding Range Corporation has or ever had any interest in the Leases, it is unreasonable to assert, much less infer, that Range Corporation breached the Leases or that Plaintiff is entitled to declaratory relief regarding the Leases or an accounting as against Range Corporation. *See Powell v. Weiss*, 2013 WL 1883235, at *5 (M.D. Pa. May 6, 2013) ("However, there is a complete dearth of factual allegations regarding either of these Defendants in the Complaint, and thus any inference that these Defendants [could be liable] would be entirely unreasonable and beyond the scope of the deferential Rule 12(b)(6) standard."). The Complaint fails against Range Corporation even under the lenient pleading standards in Fed. R. Civ. P. 8.

## **CONCLUSION**

The Court should dismiss the Complaint against Range Corporation in its entirety.

Dated: November 4, 2021                               **REED SMITH LLP**

                                                      */s/ Justin H. Werner*
                                                      Justin H. Werner
                                                      Thomas J. Galligan
                                                      Alex G. Mahfood
                                                      225 Fifth Avenue
                                                      Pittsburgh, PA 15222
                                                      (412) 288-3131
                                                      jwerner@reedsmith.com
                                                      tgalligan@reedsmith.com
                                                      amahfood@reedsmith.com

                                                      *Counsel for Defendants*
                                                      *Range Resources-Appalachia, LLC*
                                                      *and Range Resources Corp.*

## **CERTIFICATE OF SERVICE**

I certify that on November 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin H. Werner*