IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. RUPERT, WILLIAM E. AND KAREN A. TRAVIS, AND BRYAN MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RANGE RESOURCES-APPALACHIA, LLC, and RANGE RESOURCES CORP.<br><br>Defendants. | Case No. 2:21-cv-01281<br><br>Electronically Filed |

### DEFENDANTS RANGE RESOURCES-APPALACHIA, LLC AND RANGE RESOURCES CORP.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs' Motion for Class Certification (the "Motion") is premature and substantively deficient, and therefore should be denied. Plaintiffs attempt to justify the premature Motion by arguing that it was filed to avoid a "pick off" scenario they claim may result from Range Resources – Appalachia, LLC's ("Range Appalachia") reimbursement of an underpayment of royalties to Plaintiffs *and* the putative class. Dkt. 37 at 10. However, that reasoning is misplaced. Range Appalachia's reimbursement is not a "pick off" because the entire putative class has been reimbursed. Additionally, the Motion, given its prematurity, amounts to merely a "placeholder" motion for class certification, which is a practice the Third Circuit rejects. The Motion is also deficient and premature because Range Appalachia and co-defendant Range Resources Corp. ("Range Corp.") (collectively "Defendants") have filed pending motions to dismiss. Dkts. 39, 41.

Should the Court consider the merits of certification now, the Motion fails because Plaintiffs cannot satisfy their rigorous burden of affirmatively demonstrating compliance with each

- 1 -

requirement of Rule 23. Indeed, Range Appalachia's reimbursement of the putative class members presents typicality and adequacy barriers for the named Plaintiffs, who sought to enjoin such reimbursement to the putative class members and deprive them of the clear and obvious benefit of reimbursement. Moreover, the availability of reimbursement undercuts the superiority of class certification on at least the claim to which reimbursement relates. Defendants may have affirmative defenses that present individualized issues—such as failure to comply with conditions precedent—but Defendants have not had the opportunity to even assert those defenses, and Plaintiffs certainly have not proven those defenses do not present individualized issues. Finally, there are issues with predominance and commonality relating to all Defendants and purported claims that the Motion simply fails to address, much less support with evidence.

## I.  PROCEDURAL BACKGROUND

The Motion purports to seek certification of the putative class and claims set forth in the operative Amended Complaint. Dkt. 37.

The Amended Complaint names two defendants: Range Appalachia and Range Corp. Dkt. 29. The Amended Complaint pleads collectively that Defendants breached the Leases of Plaintiffs and the putative class by "(1) failing to pay royalties based on the sales price received on Range's sales of the natural gas at the point of sale from the first arms-length purchaser, which was produced from the wells drilled subject to the Class Leases; (2) failing to pay royalties based on the sales prices received at the point of Range's sale of the NGLs from the first arms-length purchaser, which have been produced from the wells drilled subject to the Class Leases; and (3) improperly deducting from the sales prices received on the sale of the residue gas and the NGL products various Post-Production Costs in excess of the $0.80 per MMBtu as provided for in the Addendum to Class Leases." *Id.* ¶ 32. Plaintiffs assert claims for breach of contract and

declaratory relief, and also seek an accounting. The Motion seeks certification of all claims against all Defendants.

Defendants have filed separate motions to dismiss. Range Corp. filed a motion to dismiss because it is not a party to any of the leases that are the subject of Plaintiffs' claims. Dkt. 39. Range Appalachia filed a motion to dismiss on multiple grounds, contending that the reimbursement moots the claims of Plaintiffs and the putative class relating to costs exceeding $0.80 per MMBTU, and that Plaintiffs' remaining claims should be dismissed based on failure of satisfaction of a condition precedent or failure to state a claim. Dkt. 41. Those motions are pending. Neither Defendant has filed a responsive pleading to the Amended Complaint.

## II. ARGUMENT

### I. THE MOTION IS IMPROPER AND PREMATURE.

The Motion is improper, premature, and should be dismissed because: (1) there is no "pick off" scenario here; (2) the Third Circuit disfavors placeholder motions as explained in *Richardson v. Bledsoe*, 829 F.3d 273, 284 (3d Cir. 2016); and (3) there is no meaningful evidentiary record and motions to dismiss are still pending on behalf of both defendants.

***The Reimbursements Went to the Putative Class And Are Not A "Pick Off."*** Plaintiffs contend they filed the Motion "to protect themselves and the proposed class members from being picked off by Range's prior period adjustment which Range has designed to moot or nullify their claims." Dkt. 37 at 10. This argument is misplaced because Range Appalachia's reimbursement is not limited to the named Plaintiffs. The "picking off" exception has been recognized by some courts only in the situation where a defendant "picks off" the named class representative in a putative class action, before the class is certified, in effect mooting the named representative claims. *See Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 279-281 (3d Cir. 2016); *Hering v. Walgreens Boots All., Inc.*, 341 F. Supp. 3d 412, 418 (M.D. Pa. 2018). The "pick off"

exception has no application here because Range Appalachia has reimbursed the named Plaintiffs *and* all putative class members. Dkts. 15-1, 43, 45. Range Appalachia's reimbursement is not conditioned on any settlement or release. Dkts. 43, 45. Therefore, Plaintiffs' purported justification for the premature filing of the Motion fails.

***The Third Circuit Disapproves of Placeholder Motions, Even For "Pick Offs."*** The Third Circuit and numerous district courts within it have denied placeholder motions, like this, regardless of whether a "pick off" scenario exists. *See Richardson*, 829 F.3d at 284 ("Our ruling today is intended to have the salutary effect of discouraging these premature motions in favor of motions brought within a reasonable period of time and after proper factual development of the claims has occurred"). In *Physicians Healthsource, Inc. v. Adv. Data Sys. Intl., LLC*, 2016 WL 9223921, at *1 (D.N.J. Aug. 30, 2016), plaintiff filed a motion for certification less than one month after filing the complaint and before the defendant was served in an attempt to protect against "class action 'pick-off attempts.'" *See id.* Recognizing that *Richardson* discouraged premature placeholder motions, the court denied the motion without prejudice as premature "because discovery has not yet occurred, there has been no factual development of the claims and plaintiff would be unable to satisfy its burden of affirmatively demonstrating compliance with each requirement of Rule 23." *See id.* (citing *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012)); *see also Todd v. U.S. Bank, Nat'l Ass'n*, 2015 WL 4506111, *4 (E.D. Pa. July 22, 2015) ("No one benefits when judges are forced to decide premature, half-baked class-certification motions"); *Smith v. Interline Brands*, 87 F. Supp. 3d 701, 703 (D.N.J. 2014) ("The Third Circuit's approach is a sensible recognition of the undesirability of a premature motion for class certification, unsupported by discovery and largely untethered to the requirements for actually

certifying a class.  To permit such a placeholder motion would also seem contrary to the spirit of Rule 11(b), Fed. R. Civ. P").

Plaintiffs claim that in *Gayle v. Warden Monmouth County Correctional Institution,* 838 F.3d 297 (3d Cir. 2016) the Third Circuit "approved of a party moving for class certification when faced with efforts by defendants like those of Range." Dkt. 37 at 10.  However, *Gayle* actually endorsed the opposite view.  *Gayle* involved a substantive and procedural due process challenge to the constitutionality of a statute the provided for the mandatory detention and custody of aliens.  In *Gayle*, an early motion for class certification was denied "without prejudice pending an expanded record and/or discovery." *See id.* at 302.  Later in the course of the case, after the district court had ruled on both motions to dismiss and cross motions for summary judgment that resolved all merits issues, it also addressed a third motion for class certification. *See id.* at 300.  The district court concluded that resolving the class certification motion was "unnecessary" because its merits ruling would already benefit all putative class members. *See id.* at 302.  The Third Circuit reversed, framing its holding as the "relation-back doctrine encompasses successive, substantially similar motions to certify unless and until certification has been finally resolved on Rule 23 grounds," *id.* at 307, and that the district court's early denial of the class motion on procedural grounds did not operate to preclude later resolution of a motion for certification on the merits. *See id.* at 313.  At best *Gayle* demonstrates that premature, undeveloped motions for class certification should be denied, without prejudice to the named Plaintiffs' rights to file a properly supported motion at the procedurally correct time.

***There Is No Factual Record and Motions To Dismiss Are Still Pending.***  Even if the Third Circuit did not disfavor placeholder motions, the Court should deny the Motion as premature.  There is no evidentiary record before the Court beyond a few declarations addressing,

at best, some parts of some of the claims asserted against the Defendants, and some conclusory assertions regarding Rule 23 compliance. The Third Circuit has cautioned against the exact approach Plaintiffs take here — the endeavor of certifying a class "must not be undertaken casually." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008); *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 132 (E.D. Pa. 2015). A court must engage in a "rigorous analysis" to determine whether class certification is warranted. *Id*. Motions to certify filed prior to discovery are premature because discovery and a developed evidentiary record are required to conduct a proper Rule 23 analysis. *See In re Hydrogen Peroxide Antitrust Litig*, 552 F.3d at 316; *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 245 (E.D. Pa. 2012); *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011). This Court has stated that the "the rigorous analysis requires the court to make explicit findings that the requirements of Rule 23 are met, not that they are supported by *some* evidence or *could* be met later in the case." *Gonzalez v. Corning*, 317 F.R.D. 443, 489 (W.D. Pa. 2016) (emphasis added). Without discovery and a complete evidentiary record, the Court cannot analyze the shape and form of this alleged class action. *See Motisola Malikha Abdallah v. Coca-Cola Co.*, 1999 WL 527835, at *5-*6 (N.D. Ga. July 16, 1999).

For these reasons, courts deny motions for certification filed prior to discovery. *See Physicians Healthsource, Inc. v. Adv. Data Sys. Intl., LLC*, 2016 WL 9223921, at *1 (D.N.J. Aug. 30, 2016); *Todd,* 2015 WL 4506111 at *4; *Thompkins v. Key Health Med. Sols., Inc.*, 2015 WL 5007895, at *2 (M.D.N.C. Aug. 20, 2015); *Graham v. Homeward Residential, Inc.*, 2014 WL 12531549, at *2 (S.D. Fla. July 8, 2014); *Griswold v. Port Auth. of N.Y. &N.J.*, 2009 WL 2998419, at *29-30 (D.N.J. Sept. 14, 2009).

Courts also deny motions for class certification when motions to dismiss are pending. This is because the resolution of a motion to dismiss is "likely to protect both the parties and the court from needless and costly litigation." *Khasin v. Hershey Co.*, 2014 WL 1779805, at *6 (N.D. Cal. May 5, 2014). As the Sixth Circuit has observed, "to require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake." *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984); *see also McNulty v. Fed. Hous. Fin. Agency*, 954 F. Supp. 2d 294, 297 (M.D. Pa. 2013); *Golden v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 1382, at * 2 (N.D. Ind. Jan. 5, 2012); *Gauder v. Leckrone*, 366 F. Supp. 2d 780, 783 (W.D. Wis. 2005); *Webster v. Royal Caribbean Cruises*, Ltd., 124 F. Supp. 2d 1317, 1321 (S.D. Fla. 2000); *Thornton v. Mercantile Stores Co.*, Inc., 13 F. Supp. 2d 1282, 1289 (M.D. Ala. 1998) (*citing Floyd v. Bowen*, 833 F.2d 529, 534-35 (5th Cir. 1987)).

## II. IF MERITS ARE REACHED, PLAINTIFFS HAVE NOT MET THEIR BURDEN UNDER RULE 23.

Even if this Court could reach the merits of Plaintiffs' needless placeholder Motion, which it should not, the Motion fails on its merits. The Motion seeks a blanket certification of all claims in the Amended Complaint against both Defendants without any evidence or explanation of how any of those claims, let alone all of them, meet the certification requirements of Rule 23.[1]

***Plaintiffs Have Not Met Their Rigorous Rule 23 Burden.*** "Rule 23 does not set forth a mere pleading standard," but instead, "[a] party seeking class certification must affirmatively demonstrate [his] compliance with the Rule – that is, [he] must be prepared to prove that there are

---

[1] Given the prematurity of the Motion and the undeveloped record, Range Appalachia and Range Corp. are not in the position of assessing, much less arguing, all of the potential reasons why Plaintiffs cannot prevail in certifying classes on any of the claims in the Amended Complaint. This filing is intended only to identify the obvious issues that are already present and negate certification. To the extent the case proceeds against either Range Appalachia or Range Corp., they reserve all rights to assert any defense to class certification and to take appropriate discovery to develop such defenses, including written discovery, document discovery, and depositions.

in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "Frequently[,] th[is] rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim." *Id*. "[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. The court may "consider the substantive elements of the plaintiffs' case in order to envision the form that a trial on those issues would take." *In re Hydrogen Peroxide*, 552 F.3d at 317 (quotation omitted). Plaintiffs have not presented evidence that would satisfy their burden on each of the elements of Rule 23 as to both defendants and all of their claims. In fact, they have not met their burden as to any defendant or any claim.

***Plaintiffs Have Not Established A Basis For A Claim Against Range Corp.*** Range Corp. moved to dismiss all claims against it because it is not a party to the leases at issue. Dkt. 39. As a matter of law Plaintiffs cannot meet their burden to certify a class on the basis of breach of contract claims (and other claims arising out of the contracts at issue) against a defendant who is not a party to those contracts. *See e.g., Abron v. Black & Decker (U.S.), Inc.*, 654 F.2d 951, 958 (4th Cir. 1981) ("A putative class representative must allege a personal injury as a result of the actions of each defendant to establish standing.").

***The Motion Is Deficient and Fails to Address Rule 23***. The Motion purports to seek certification of all of Plaintiffs' claims against both Range Corp. and Range Appalachia (or at least does not distinguish between which claims are the subject of certification and which might not be). However, the Motion and accompanying Brief only attempt to purportedly address the Rule 23 elements of the claim that is subject to reimbursement. Plaintiffs do not discuss their other allegations of breach of contract relating to "arms-length" sales, Dkt. 29 ¶ 32, do not address their claim for declaratory relief (which can only be certified pursuant to Fed. R. Civ. P. 23(b)(2), and

has distinct elements for certification, including cohesiveness, *see Gates v. Rohm & Haas Co.*, 655 F.3d 255, 264, n5 (3d Cir. 2011)), and completely ignore any argument for why their accounting claim should be certified, despite having express audit rights in the Leases. Plaintiffs' haste to file a motion and their own cursory treatment of their Amended Complaint has resulted in exactly the kind of motion for certification the Third Circuit expressly discourages and has repeatedly rejected.

***Plaintiffs Have Not Proven A Class Action Is Superior.*** Rule 23(b)(3) requires Plaintiffs to prove that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The rule is designed to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quotations omitted). Courts have found that reimbursements, like those made by Range Appalachia, Dkt. 43, 45, are superior to class certification.[2] *See Berley v. Dreyfus & Co.*, 43 F.R.D. 397, 398-99 (S.D.N.Y. 1967). Recently, the Seventh Circuit affirmed a district court's decision to deny class certification where refunds afforded class members a comparable or even better remedy than they could hope to achieve in court. *See In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, 753 (7th Cir. 2011). There, the district court reasoned that "where available refunds afford class members a comparable or even better remedy than they could hope to achieve in court, a class action would merely divert a substantial percentage of the refunds' aggregate value to the class lawyers." *In re Aqua Dots Products Liab. Litig.*, 270 F.R.D. 377, 383 (N.D. Ill. 2010); *see also In re ConAgra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 700-01 (N.D. Ga. 2008); *Webb v. Carter's Inc.*, 272 F.R.D.

---

[2] Following this Court's Order, Range Appalachia proceeded with mailing the reimbursement checks to the identified owners, accompanied by the exact same letter already submitted to the Court.

489, 504-05 (C.D. Cal. 2011); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 214 F.R.D. 614, 622 (W.D. Wash. 2003); *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 463 (D.N.J. 1998); *Holland v. Goodyear Tire & Rubber Co.*, 75 F.R.D. 743, 748 (N. D Ohio 1975).  Pursuant to these cases, Plaintiffs cannot meet their burden to show that certification is superior.  Plaintiffs also do not discuss how class certification is superior for any of their other potential claims, other than the claim that is subject to reimbursement, and as previously noted, has already been reimbursed to Range Appalachia's owners.

***The Plaintiffs Have Not Proven They Are Typical or Adequate Class Representatives.*** Fed. R. Civ. P. 23(a)(3) requires that Plaintiffs prove typicality, which aids a court in determining whether the interests of the class members will be fairly and adequately protected in their absence. *See Marcus v. BMW of N. Am.*, 687 F.3d 583, 597-98 (3d Cir. 2012).  Fed. R. Civ. P. 23(a)(4) requires Plaintiffs to prove adequacy, which "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 343 (3d Cir. 2010).  While the record is not developed on either requirement—precluding Plaintiffs from prevailing—Plaintiffs have already proven, through their conduct in this case to date, that they are atypical and inadequate.  While Plaintiffs curiously represent they have no interests "which are antagonistic to the interests of the other Class members," courts have found that actions by class representatives similar to the Plaintiffs' actions here (attempting to prevent and having already delayed Range Appalachia's reimbursement to putative class members) can create conflicts that preclude a finding of adequacy.  *See In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, 753 (7th Cir. 2011) ("Plaintiffs want relief that duplicates a remedy that most buyers already have received, and that remains available to all members of the putative class.  A representative who proposes that high transaction costs (notice and attorney's fees) be incurred at

the class members' expense to obtain a refund that already is on offer is not adequately protecting the class members' interests."). Plaintiffs here went one step further—they not only did not accept reimbursement payments, they actively sought (unsuccessfully) to *enjoin* reimbursement to the putative class—without any legal authority whatsoever. Dkts. 32, 44. Even at this procedural juncture, Plaintiffs have shown that they are incapable of representing the putative class.

***There Is No Analysis Of Obvious Or Potential Affirmative Defenses.*** Because neither Range Corp. nor Range Appalachia has filed an answer, they have not asserted affirmative defenses to the claims in the Amended Complaint. Because affirmative defenses have not been asserted, much less assessed as part of the Rule 23 calculus, Plaintiffs cannot meet their certification burden. Affirmative defenses must be considered as part of the Rule 23 analysis, and it is Plaintiffs' burden to show they do not defeat class certification. *See e.g., Arch v. Am. Tobacco Co.*, 175 F.R.D. 469 (E.D. Pa. June 4, 1997) ("If a jury would have to look at facts peculiar to each plaintiff's case when assessing the affirmative defense, an inherently individual inquiry is required."); *Gonzalez v. Corning*, 317 F.R.D. 443, 524 (W.D. Pa. March 31, 2016) (concluding affirmative defenses defeated predominance requirements where "[p]laintiffs proffer no way for this court to adjudicate those issues on a classwide basis."); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) (affirming denial of certification where affirmative defense could not be proven on class-wide basis, stating "it *is the plaintiff* who bears the burden of showing that the class *does comply* with Rule 23" (original emphasis)).

Moreover, the record already demonstrates potentially applicable class-defeating affirmative defenses exist, including notice and cure. *See Lawson v. Life of the South Ins. Co*., 286 F.R.D. 689, 698 (M.D. Ga. 2012) (where some leases required plaintiffs to give notice to defendant as a condition precedent to defendant's refund obligations and some did not, attempt to resolve

common factual and legal issues "[broke] down into an unmanageable variety of individual legal and factual issues."); *Bishop's Property & Invs., LLC v. Protective Life Ins. Co.*, 255 F.R.D. 619, 621-24 (M.D. Ga. 2009); *Adams v. Monumental Gen. Cas. Co.*, 2009 WL 383625, at *4 (M.D. Ga. Feb. 12, 2009).  Notice and cure is just one of many potential such affirmative defenses, which cannot be "rigorously analyzed" by this Court as required without first being asserted and then being the subject of fact discovery.  Plaintiffs have the burden to show how these as-of-yet asserted affirmative defenses can be addressed on a class-wide basis without individual issues overwhelming common issues.  They have not tried to meet this burden.

## CONCLUSION

For the foregoing reasons Plaintiffs' premature and wholly deficient Motion should be denied in its entirety.


Dated: December 14, 2021              **REED SMITH LLP**

                                      */s/ Justin H. Werner*
                                      Justin H. Werner
                                      Thomas J. Galligan
                                      Alex G. Mahfood
                                      225 Fifth Avenue
                                      Pittsburgh, PA 15222
                                      (412) 288-3131
                                      jwerner@reedsmith.com
                                      tgalligan@reedsmith.com
                                      amahfood@reedsmith.com

                                      *Counsel for Defendants*
                                      *Range Resources-Appalachia, LLC*
                                      *and Range Resources Corp.*

**CERTIFICATE OF SERVICE**

I certify that on December 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ Justin H. Werner