**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES A. RUPERT, WILLIAM E. AND KAREN A. TRAVIS, AND BRYAN MARTIN, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-01281 |
| | Electronically Filed |
|            Plaintiffs, | |
|    v. | |
| RANGE RESOURCES-APPALACHIA, LLC, and RANGE RESOURCES CORP. | |
|           Defendants. | |

**DEFENDANT RANGE RESOURCES-APPALACHIA, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**SECOND AMENDED COMPLAINT [ECF #64]**

Defendant Range Resources-Appalachia, LLC ("Range Appalachia") files this Answer and

Affirmative Defenses to Plaintiffs' Second Amended Complaint [ECF #64] (the "Complaint").

## ANSWER

1.      The allegations of Paragraph 1 of the Complaint that refer to "all those similarly

situated" refer to persons or entities that are not parties to this lawsuit, and therefore no response

is required.  The allegations of Paragraph 1 state conclusions of law to which no response is

required.  Range Appalachia denies that the proposed "class" constitutes a proper class as required

by Fed. R. Civ. P. 23.

2.      It is admitted that the address identified in this paragraph is the address set forth in

Range Appalachia's records for the purposes of transmitting royalty payments to this Plaintiff.

Range Appalachia lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 2 of the Complaint.

3.      It is admitted that the address identified in this paragraph is the address set forth in Range Appalachia's records for the purposes of transmitting royalty payments to these Plaintiffs. Range Appalachia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint.

4.      As to the allegations of Paragraph 4 of the Complaint relating to this Plaintiff's address, those allegations are denied as stated, because the address identified in this paragraph is not the complete address set forth in Range Appalachia's records for the purposes of transmitting royalty payments to this Plaintiff.  The complete address in Range Appalachia's records for this Plaintiff is 78 Saint Andrews Drive, Beaver Falls, PA 15010.  Range Appalachia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint.

5.      The allegations of Paragraph 5 of the Complaint relate to another defendant, and therefore no response by Range Appalachia is required.

6.      The allegations of Paragraph 6 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, the sole member of Range Appalachia is a subsidiary of Range Resources Corporation.

7.      It is admitted that Range Pine-Mountain, Inc. is the sole member of Range Appalachia, and that Range Pine-Mountain, Inc. is a subsidiary of Range Resources Corporation and is incorporated in the state of Delaware.  The remaining allegations of Paragraph 7 of the Complaint state legal conclusions to no which no response is required.

8.      It is admitted that Range Appalachia is organized under the laws of the state of Delaware.  The allegations of Paragraph 8 of the Complaint as to another defendant do not require

a response from Range Appalachia.  The remaining allegations of Paragraph 8 of the Complaint state conclusions of law to which no response is required.

9.      The allegations of Paragraph 9 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia does not contest the personal jurisdiction in this Court.

10.      The allegations of Paragraph 10 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia does not contest venue of this lawsuit in this Court.

11.      The allegations of Paragraph 11 of the Amended Complaint state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "Class" constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(b)(3).

12.      The allegations of Paragraph 12 of the Amended Complaint state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "Class" constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(a)(1).

13.      The allegations of Paragraph 13 of the Amended Complaint and its subparts state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "Class" constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(a)(2).

14.      The allegations of Paragraph 14 of the Amended Complaint state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "Class"

constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(a)(3).

15.     The allegations of Paragraph 15 of the Amended Complaint state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "Class" constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(a)(4).

16.     The allegations of Paragraph 16 of the Amended Complaint state conclusions of law to which no response is required.  Range Appalachia denies that the proposed "putative class" constitutes a proper class as required by Fed. R. Civ. P. 23, including but not limited to Rule 23(b)(3).

17.     Range Appalachia admits that it has paid royalties to Plaintiffs for natural gas production from wells located within Pennsylvania under certain oil and gas leases.  The allegations in Paragraph 17 of the Amended Complaint relating to "putative class members" or "Class leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 17 of the Complaint relating to another defendant require no response from Range Appalachia.  All remaining allegations of Paragraph 17 of the Complaint are denied.

18.     It is admitted that Range Appalachia is the lessee under certain oil and gas leases in which Plaintiffs hold interests, and has paid royalties to Plaintiffs for natural gas production from wells located within Pennsylvania associated with those oil and gas leases.  The allegations of Paragraph 18 of the Complaint relating to "putative class members" or "Class leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  All remaining allegations of Paragraph 18 are denied.

19.     Range Appalachia admits that Plaintiffs are lessors and Range Appalachia is a lessee under oil and gas leases in which Range Appalachia has paid Plaintiffs royalties for production of natural gas and natural gas liquids that were produced and sold by Range Appalachia at certain times after the execution of those oil and gas leases.  The allegations of Paragraph 19 of the Complaint relating to another defendant require no response from Range Appalachia.  The remaining allegations of Paragraph 19 of the Complaint are denied.

20.     Paragraph 20 of the Complaint and its subparts describe certain parcels that are the subject of the Complaint.  The descriptions of such parcels in Paragraph 20 of the Complaint relate to written documents to which no response is required.  Range Appalachia does not dispute that the property described in Paragraph 20 of the Complaint is a subject of the Complaint.

21.     Paragraph 21 of the Complaint describes certain parcels that are the subject of the Complaint.  The description of such parcels in Paragraph 21 of the Complaint relates to written documents to which no response is required.  Range Appalachia does not dispute that the property described in Paragraph 21 of the Complaint is a subject of the Complaint.

22.     Paragraph 22 of the Complaint describes a certain parcel this is the subject of the Complaint.  The description of such parcel in Paragraph 22 of the Complaint relates to written documents to which no response is required.  Range Appalachia does not dispute that the property described in Paragraph 22 of the Complaint is a subject of the Complaint.

23.     Range Appalachia admits that the documents described in subparts (a), (b), and (c) of Paragraph 23 of the Complaint are attached as Exhibits I, II and III to the Complaint.  Range Appalachia further admits that James A. Rupert is a lessor under the oil and gas leases and related amendment attached as Exhibits I, II and III to the Complaint.  Those exhibits are written

documents that speak for themselves, and any characterization of Exhibits I, II and III in Paragraph 23 of the Complaint and its subparts that is at variance with the terms of those exhibits is denied.

24.     Range Appalachia admits that the document described in subpart (a) of Paragraph 24 of the Complaint is attached as Exhibit IV to the Complaint.  Range Appalachia further admits that William A. Travis and Karen E. Travis are lessors under the oil and gas lease attached as Exhibit IV to the Complaint.  The exhibit is a written document that speaks for itself, and any characterization of Exhibit IV in Paragraph 24 of the Complaint and its subparts that is at variance with the terms of that exhibit is denied.

25.     Range Appalachia admits that the document described in subpart (a) of Paragraph 25 of the Amended Complaint is attached as Exhibit V to the Complaint.  Range Appalachia further admits that Bryan Martin is a lessor under the oil and gas lease attached as Exhibit V to the Complaint.  The exhibit is a written document that speaks for itself, and any characterization of Exhibit V in Paragraph 25 of the Complaint and its subparts that is at variance with the terms of that exhibit is denied.

26.     Paragraph 26 of the Complaint purport to describe a term within the oil and gas leases attached as Exhibits I, II, IV and V to the Complaint.  Those exhibits are written documents that speak for themselves, and any characterization of those exhibits that is at variance with the terms of those exhibits is denied.

27.     Range Appalachia admits that Exhibit VI is attached to the Complaint, and that Exhibit VI was transmitted to Range Appalachia.  Exhibit VI is a written document that speaks for itself, and any characterization of that exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 27 of the Complaint state conclusions of law to which no

response is required.  Range Appalachia denies Plaintiffs complied with Paragraph 19 of their oil and gas leases.

28.     Paragraph 28 of the Complaint state conclusions of law to which no response is required.  Range Appalachia denies Plaintiffs complied with Paragraph 19 of their oil and gas leases.

29.     The allegations of Paragraph 29 of the Complaint purport to describe the contents of Exhibit VI to the Complaint.  Exhibit VI is a written document that speaks for itself, and any characterization of that exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 29 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denied.

30.     The allegations of Paragraph 30 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denied.

31.     The allegations of Paragraph 31 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denied.

32.     The allegations of Paragraph 32 of the Complaint relating to "putative class members" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 32 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia admits that it had underpaid royalties to Plaintiffs by deducting costs associated with natural gas liquids in excess of $0.80 per MMBTU, but Range Appalachia has since fully refunded Plaintiffs the amount of the underpayment and has prospectively changed its calculation of royalties for Plaintiffs.  Range Appalachia denies all remaining allegations in Paragraph 32 of the Complaint.

33.     The allegations of Paragraph 33 of the Complaint relating to "Class Leases" and "putative class members" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 33 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia admits that it had underpaid royalties to Plaintiffs by deducting costs associated with natural gas liquids in excess of $0.80 per MMBTU, but Range Appalachia has since fully refunded Plaintiffs the amount of the underpayment and has prospectively changed its calculation of royalties for Plaintiffs.  Range Appalachia denies all remaining allegations in Paragraph 33 of the Complaint.

34.     The allegations of Paragraph 34 of the Complaint relating to "putative class members" and "Class Leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 34 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia incorporates its response to Paragraphs 32 and 33 above, and all other allegations are denied.

35.     Range Appalachia admits that it is a subsidiary of Range Corporation, and Range Appalachia admits that Exhibit VII is attached to the Complaint.  Exhibit VII is a written document that speaks for itself.   Any allegations of Paragraph 35 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 35 of the Complaint state conclusions of law to which no response is required.

36.     Range Appalachia admits that Great Lakes Energy Partners, LLC is a predecessor in interest to Range Appalachia, and Range Appalachia admits that Exhibit VIII is attached to the Complaint.  Exhibit VIII is a written document that speaks for itself.   Any allegations of Paragraph 36 of the Complaint that purport to describe the contents of the exhibit that is at variance with its

terms is denied.  The remaining allegations of Paragraph 36 of the Complaint relate to another defendant and require no response from Range Appalachia.

37.     Range Appalachia admits that Exhibit IX is attached to the Complaint.  Exhibit IX is a written document that speaks for itself.  Any allegations of Paragraph 37 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 37 of the Complaint relate to another defendant and require no response from Range Appalachia.

38.     Range Appalachia admits that Exhibit X is attached to the Complaint.  Exhibit X is a written document that speaks for itself.   Any allegations of Paragraph 38 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 38 of the Complaint relate to another defendant and require no response from Range Appalachia.

39.     Range Appalachia admits that Exhibit XI is attached to the Complaint.  Exhibit XI is a written document that speaks for itself.  Any allegations of Paragraph 39 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied.   The remaining allegations of Paragraph 39 of the Complaint relate to another defendant and require no response from Range Appalachia.

40.     Range Appalachia admits that Exhibit XI is attached to the Complaint.  Exhibit XI is a written document that speaks for itself.  Any allegations of Paragraph 40 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied.  The remaining allegations of Paragraph 40 of the Complaint relate to another defendant and require no response from Range Appalachia.

41.     Range Appalachia admits that a publicly available virtual website exists as described in Paragraph 41 of the Complaint.  The allegations of Paragraph 41 of the Complaint that describe the contents of the website are denied to the extent they are at variance with that website.  The remaining allegations of Paragraph 41 of the Complaint relate to another defendant and require no response from Range Appalachia.

42.     Range Appalachia admits that Exhibit XII is attached to the Complaint.  Exhibit XII is a written document that speaks for itself.  Any allegations of Paragraph 42 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied

43.     The allegations of Paragraph 43 of the Complaint purport to describe the content of Exhibit XII, which is a written document that speaks for itself.  The allegations are denied to the extent they are at variance with the terms of the exhibit.

44.     Range Appalachia admits that Exhibit XIII is attached to the Complaint.  Exhibit XIII is a written document that speaks for itself.  Any allegations of Paragraph 44 of the Complaint that purport to describe the contents of the exhibit that is at variance with its terms is denied

45.     The allegations of Paragraph 45 of the Complaint purport to describe the content of Exhibit XIII, which is a written document that speaks for itself.  The allegations are denied to the extent they are at variance with the terms of the exhibit.

## COUNT I

46.     Paragraph 46 of the Complaint is an incorporation paragraph to which no response is required.  Range Appalachia incorporates its response to Paragraphs 1 – 45 of the Complaint set forth above.

47.     The allegations of Paragraph 47 of the Complaint relating to "putative class members" or "Class Leases" refer to persons or entities that are not parties to this lawsuit and

therefore no response is required.  The allegations of Paragraph 47 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia admits that it had underpaid royalties to Plaintiffs by deducting costs associated with natural gas liquids in excess of $0.80 per MMBTU, but Range Appalachia has since fully refunded Plaintiffs the amount of the underpayment and has prospectively changed its calculation of royalties for Plaintiffs.  Range Appalachia denies all remaining allegations in Paragraph 47 of the Complaint.

48.     The allegations of Paragraph 48 of the Complaint relating to "putative class members" or "Class Leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The remaining allegations of Paragraph 48 of the Complaint are denied.  Range Appalachia fully refunded Plaintiffs the amount of the underpayment and has prospectively changed its calculation of royalties for Plaintiffs.

## COUNT II

49. - 56.  The allegations of Paragraph 49 through Paragraph 56 of the Complaint and Count II are directed to a defendant other than Range Appalachia and therefore no response is required. To the extent a response is required, denied as to Range Appalachia.

## COUNT III

57. – 61.  The allegations of Paragraph 57 through Paragraph 61 of the Complaint and Count III are directed to a defendant other than Range Appalachia and therefore no response is required.  To the extent a response is required, denied as to Range Appalachia.

**COUNT IV**

62. – 65.   The allegations of Paragraph 62 through Paragraph 65 of the Complaint and Count IV are directed to a defendant other than Range Appalachia and therefore no response is required.  To the extent a response is required, denied as to Range Appalachia.

**COUNT V**

66. – 72.   The allegations of Paragraph 66 through Paragraph 72 of the Complaint and Count V are directed to a defendant other than Range Appalachia and therefore no response is required.  To the extent a response is required, denied as to Range Appalachia.

**COUNT VI**

73.      Paragraph 73 of the Complaint is an incorporation paragraph to which no response is required.  Range Appalachia incorporates its response to Paragraphs 1 – 48 of the Complaint set forth above.

74.      The allegations of Paragraph 74 of the Complaint relating to "putative class members" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 74 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denied.

75.      The allegations of Paragraph 75 of the Complaint relating to "putative class members" or "Class Leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 75 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia denies Plaintiffs are entitled to the relief sought in this paragraph, because Range Appalachia fully refunded Plaintiffs the amount of the underpayment and has prospectively changed its calculation of royalties for Plaintiffs.

## COUNT VII

76.     Paragraph 76 of the Complaint is an incorporation paragraph to which no response is required.  Range Appalachia incorporates its response to Paragraphs 1 – 48 and 73-75 of the Complaint set forth above.

77.     The allegations of Paragraph 77 of the Complaint relating to "putative class members" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 77 of the Complaint state conclusions of law to which no response is required.  To the extent the allegations of Paragraph 77 of the Complaint are directed to a defendant no response is required by Range Appalachia.  To the extent a response is required, it is admitted that Range Appalachia has access to the information needed to calculate royalties paid to Plaintiffs, but denied that Range Appalachia has "exclusive control" of such information.

78.     The allegations of Paragraph 78 of the Complaint relating to "putative class members" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 78 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, denied.

79.     The allegations of Paragraph 79 of the Complaint relating to "putative class members" or "Class Leases" refer to persons or entities that are not parties to this lawsuit and therefore no response is required.  The allegations of Paragraph 79 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Range Appalachia denies Plaintiffs are entitled to the relief sought in this paragraph.

WHEREFORE, Range Appalachia requests that this Court enter judgment on all claims for relief of the Complaint in Range Appalachia's favor and against Plaintiffs, all at Plaintiffs'

cost, and deny class certification as to all counts of the Complaint, and deny any and all other relief sought by Plaintiffs in the Complaint or in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.      Range Appalachia incorporates its response to Paragraphs 1 – 48, 73 – 79, of the Complaint above.

2.      All allegations not expressly admitted above are denied.

3.      The Complaint fails to state a claim upon which relief may be granted.

4.      Range Appalachia is in compliance with the language of the oil and gas leases of Plaintiffs and the members of the putative class.

5.      Plaintiffs and the members of the putative class lack standing to assert one or more of the claims in the Complaint.

6.      The Court lacks subject matter jurisdiction over one or more of the claims in the Complaint because one or more of the claims are moot.

7.      Plaintiffs failed to comply with Paragraph 19 of their respective oil and gas leases.

8.      Plaintiffs failed to satisfy a condition precedent to asserting one or more of the claims in the Complaint due their failure to comply with Paragraph 19 of their respective oil and gas leases.

9.      Range Appalachia has acted reasonably, prudently, in good faith, and in conformance with applicable statutes, regulations, and standards of the industry.

10.      The claims of Plaintiffs and the putative class are barred, in whole or in part, by the provisions of their respective oil and gas leases that govern the payment of royalties.

11.      The claims of Plaintiffs and the putative class may be barred, in whole or in part, by the applicable statute of limitations.

12.     The claims of Plaintiffs and the putative class may be barred, in whole or in part, by the doctrines of laches, waiver, consent, estoppel, and limitations.

13.     The claims of Plaintiffs and the putative class may be barred, in whole or in part, by the doctrines of settlement, release, ratification, accord and satisfaction, and performance.

14.     The claims of Plaintiffs and the putative class may be barred, in whole or in part, by the doctrine of acquiescence.

15.     Range Appalachia asserts the defenses of offset and recoupment in the event discovery demonstrates any incorrect overpayment of royalties to Plaintiffs or the putative class.

16.     The claims of Plaintiffs and the putative class are barred, in whole or in part, as a result of Range Appalachia's reimbursement and refund of underpaid royalties on natural gas liquids.

17.     The claims of Plaintiffs and the putative class are barred, in whole or in part, as a result of Range Appalachia's prospective change in its royalty calculation for Plaintiffs and the putative class relating to royalties on natural gas liquids.

18.     Plaintiffs' claims and the claims of the putative class are barred by payment.

19.     The class action allegations of the Complaint are barred in that trying the Plaintiffs' claims through a class action or other aggregate proceeding would violate Range Appalachia's statutory and constitutional rights to due process and a jury trial, and other constitutional and statutory rights, by: (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (c) depriving Range Appalachia of its right to defend itself with respect to individual claims.

20.     The claims of Plaintiffs and the putative class may be barred, in whole or in part, because there is no actual and justiciable controversy between them and Range Appalachia.

21.     Plaintiffs and the putative class have no damages, any damages they have sustained are nominal, and/or Plaintiffs and the putative class failed to mitigate their damages, if any.

22.     The claims of Plaintiffs and the putative class may be barred, in whole or in part, because they cannot prove their damages, if any.

23.     Any damages sought by Plaintiffs on behalf of any putative class members may not be recovered absent a separate determination as to whether each alleged class member has sustained damage, regardless of whether Plaintiffs prevail on their individual claims.

24.     Plaintiffs are not entitled to recover attorneys' fees.

25.     Range Appalachia expressly reserves the right to plead further including the reservation of all affirmative defenses required to be pleaded.

26.     Range Appalachia expressly reserves the right to assert other defenses if, among other things, this Court certifies a class, or if the facts developed during discovery otherwise warrant amendment.  The claims of Plaintiffs and the putative class may vary substantially, thereby demonstrating the impropriety of class-wide treatment, and rendering it impossible for Range Appalachia to articulate all defenses against all putative class members.

Dated: August 8, 2022                         **REED SMITH LLP**

                                              */s/ Justin H. Werner*
                                              Justin H. Werner
                                              Thomas J. Galligan
                                              Alex G. Mahfood
                                              225 Fifth Avenue
                                              Pittsburgh, PA 15222
                                              (412) 288-3131
                                              jwerner@reedsmith.com
                                              tgalligan@reedsmith.com
                                              amahfood@reedsmith.com

                                              *Counsel for Defendant*
                                              *Range Resources-Appalachia, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin H. Werner*